ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2010 MAY 26 PM 3:54

DUBLIN DIVISION

| | | |
|---|---|---|
| CLIVE ANTHONY TERRELONGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-052 |
| | ) | |
| WALT WELLS, Warden, MARC GUNN, | ) | |
| Assistant Warden, and OWNERS OF CCA, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

*Pro se* Plaintiff, who was an inmate formerly incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1] The matter is now before the Court on Plaintiff's failure to respond to the Court's Order directing him to show cause why Defendant Owners of CCA had not been served (doc. no. 9), and the motion for summary judgment filed

---

[1] Plaintiff brought the instant case pursuant to 42 U.S.C. § 1983 and Bivens. (See doc. no. 1). However, Plaintiff's reliance upon § 1983 is inapposite because § 1983 authorizes claims alleging the deprivation of constitutional rights by persons acting under color of *state* law. Here, none of the Defendants were acting under color of state law. Simply put, Plaintiff "is unable to show that any of the defendants were acting under color of state law for the simple reason that maintaining custody of *federal* prisoners is neither a power 'possessed by virtue of *state* law' nor one that has been 'traditionally exclusively reserved to the *state*.' The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government. Therefore, [Plaintiff's] § 1983 claims are not viable." Sarro v. Cornell Corrections, Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003). Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens.

by Defendants Wells and Gunn (doc. no. 7). Because Plaintiff has not filed a response to Defendants' motion for summary judgment, the Court deems the motion for summary judgment unopposed.[2] See Loc. R. 7.5. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Defendant Owners of CCA be **DISMISSED**, that Defendants' Motion for Summary Judgment be **GRANTED**, that an appropriate final judgment be **ENTERED** in favor of Defendants Wells and Gunn, and that this civil action be **CLOSED**.

### I. Dismissal of Defendant Owners of CCA for Plaintiff's Failure to Timely Effect Service

On August 17, 2009, Plaintiff paid the $350.00 filing fee in the above-captioned case. As he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (Doc. no. 3). In those instructions, the Court explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-2). Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days to accomplish service and that the failure to accomplish service on a Defendant could result in their dismissal from this lawsuit. (Id. at 2). When the 120 days allowed for service had elapsed, and there was no evidence in

---

[2] The Clerk has given Plaintiff notice of Defendants' motions for summary judgment, has apprised him of his right to file affidavits or other materials in opposition, and has informed him of the consequences of failing to respond. (Doc. no. 8). Moreover, after noting that Plaintiff had not responded, the Court entered an order instructing him about the effect of failing to respond and giving him additional time to prepare a response. (Doc. no. 9). Accordingly, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), are satisfied. Of course, the Court acknowledges that the mere fact that the instant motion is unopposed does not entitle the Court to grant the motions without considering the merits. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

the record that Defendant Owners of CCA had been served,[3] the Court directed Plaintiff to show cause why this Defendant should not be dismissed without prejudice for Plaintiff's failure to effect service. (Doc. no. 9). Plaintiff did not respond to the Show Cause Order.

Under Fed. R. Civ. P. 4(l), "[i]f service is not waived, the person effecting service shall make proof thereof to the court." The time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As the Court explained in its February 23, 2010 Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 9 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)). Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. City of Villa Rica, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's utter failure to communicate with the Court regarding his inability to effect service of process upon

---

[3]The other two named Defendants, Wells and Gunn, were served and their joint motion for summary judgment is addressed *infra*. (See doc. nos. 4, 7).

3

Defendant Owners of CCA is indicative of an abandonment of his claim against this Defendant, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon Defendant or to otherwise prosecute this action would lead to dismissal of Defendant Owners of CCA. (See doc. nos. 3, 9). Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Defendant Owners of CCA. Therefore, the Court **REPORTS** and **RECOMMENDS** that Defendant Owners of CCA be **DISMISSED** for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

## II. Defendants' Motion for Summary Judgment Filed by Defendants Wells and Gunn

### A. Statement of Facts[4]

Plaintiff is a citizen of Jamaica who was convicted in Maryland of felony drug possession. (Doc. no. 7, Ex. A (Pl.'s Dep.), p. 5). He was deported and then came back to

---

[4]As previously explained to Plaintiff, "When, [] the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists." (Doc. no. 9, p. 3). Therefore, Plaintiff's burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981). That being said, because Plaintiff did not respond to Defendants' motion for summary judgment, for purposes of providing some background to Defendants' motion, the Court notes that the crux of Plaintiff's complaint was that he was wrongfully accused of disciplinary charges. As a result of the disciplinary report, he lost 40 days of Good Conduct Time ("GCT"), and, as such, Plaintiff believes that he was forced to serve an additional 40 days in confinement.

4

the United States illegally. (Id.). At the time he commenced the above-captioned case, he was serving his sentence for his illegal re-entry conviction at MCF.[5] (Id.).

While at MCF,[6] Plaintiff asserted that he had difficulty with the toilet in his cell. Pursuant to his request, the security staff brought Plaintiff a plunger. (Id. at 12-14). However, the plunger did not correct the problem. (Id.). As such, the maintenance staff was notified of the problem, and in the process of clearing the toilet line, the maintenance staff found a sharpened weapon which was apparently clogging up the toilet line. (Id.).

The sharpened weapon was reported to security, and disciplinary charges were brought against Plaintiff and his roommate. (Id. at 14). Plaintiff was given prior notice of the disciplinary charges before the disciplinary hearing; Plaintiff was allowed to contest the charges. (Id. at 15). The hearing officer provided his written findings. (Id.). Plaintiff was allowed to appeal the adverse findings; his appeal was denied. (Id. at 9-10, 15). Additionally, Plaintiff filed and appealed a grievance concerning the same dispute; all grievances and appeals were denied. (Id.). Lastly, Plaintiff stated that he named Defendants Wells, the Warden at MCF, and Gunn, an Assistant Warden at MCF, in his complaint because they did not do their supervisory jobs properly. (Id. at 15-16).

Defendants claim that they are entitled to summary judgment because: (1) Plaintiff lacks a remedy in federal court against employees of a private prison, and (2) Defendants may not be held liable solely because of their supervisory positions. (Doc. no. 7).

---

[5] Defendants rely almost entirely upon Plaintiff's deposition testimony as a basis for the facts. (Doc. no. 7, Statement of Material Facts).

[6] MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the Bureau of Prisons.

5

### B. Discussion

#### 1. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot

---

[7]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### 2. Individual Defendants

Plaintiff attempts to hold Defendants Wells and Gunn, individual employees of the privately operated prison liable for alleged violations of his constitutional rights under Bivens. Thus, the instant case against these Defendants raises a threshold issue: whether liability under Bivens may extend to the individual employees of a privately operated prison. The Eleventh Circuit has held that it does not.

In Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008), the Eleventh Circuit held that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available. As the Fourth Circuit explained, the fact that Defendants are

7

employees of a private corporation should "counsel[] hesitation" in extending Bivens. Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006). Indeed, if the purpose of Bivens is to deter federal government officials from misconduct, it would appear doubtful that Bivens should be applied to private citizens. Id. The Constitution itself is meant to circumscribe the limits of *government* action, not private action. Id. Of course, Plaintiff may argue that, in operating a private prison housing federal inmates, Defendants have become government actors. The Court, however, rejects this argument.[8] As noted by the Fourth Circuit, under the Supreme Court's decision in Richardson v. McKnight, 521 U.S. 399, 405 (1997), "the operation of prisons is not a 'public function.'" Holly, 434 F.3d at 293. As a result, it is difficult to see how Defendants' actions in connection with Plaintiff's disciplinary proceedings at a privately operated prison can be properly considered government action. See id. at 293-94.

Notably, Alba provides that prisoners in a private federal facility are not entitled to Bivens relief *when adequate state remedies are available*. Alba, 517 F.3d at 1254 (emphasis added). However, the Court need not reach that determination because in cases such as this one, as addressed in more detail *infra*, where a plaintiff does not state a claim for violation of his constitutional rights, he can not proceed under Bivens. See Lindsey v. Bowlin, 557 F.Supp.2d 1225, 1230 (D. Kan. 2008) (noting it would be immaterial whether state law affords an alternate remedy where plaintiff did not state a claim for violation of his constitutional rights).

---

[8] In Alba, the Eleventh Circuit was able to reach its decision without deciding whether the private prison is a government actor for purposes of Bivens liability. Alba, 517 F.3d at 1254.

Moreover, where Plaintiff is challenging a disciplinary report that resulted in his losing 40 days of GCT forcing him to serve, what he considers, an additional 40 days, his claim is barred. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a civil rights plaintiff suing to recover damages for an allegedly unconstitutional conviction or imprisonment must prove that the conviction or sentence has been invalidated.[9] Hale v. Riggins 154 Fed. App'x 782, 783 (11th Cir. 2005). A claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under 42 U.S.C. § 1983. Id. (citations omitted). The Supreme Court has applied the Heck analysis to claims made by prisoners challenging prison disciplinary actions. Id. (citing Edwards v. Balisok, 520 U.S. 641, 643-49 (1997)). Here, because Plaintiff's complaint necessarily implicates the validity of the duration of his confinement in that he complains that as a result of the DR he lost 40 days of GCT, and he has not alleged that the disciplinary decision has been invalidated, even if he had stated a viable claim (which he has not) his action would be barred by Heck and Edwards.

In sum, Plaintiff's claims against Defendants Wells and Gunn fail. Accordingly, summary judgment should be entered in their favor.

### 3. Supervisory Liability

Even if Plaintiff is able to sue individual employees of a privately run prison under Bivens, which he is not, Defendants Wells and Gunn are still entitled to summary judgment. Here, Plaintiff only named Defendants Wells and Gunn, (the only individually Defendants

---

[9] Although Heck dealt with a state prisoner's § 1983 action, the Heck rule applies with equal force in a Bivens action filed by a federal prisoner. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995).

named in the case) based on their supervisory capacities. Indeed, Plaintiff asserted at his deposition that he had named these Defendants because they did not do their supervisory jobs properly. (Doc. no. 7, Pl.'s Dep., pp. 15-16). Plaintiff's assertion is further supported by the fact that while he named Defendants Wells and Gunn in his complaint, he did not mention these Defendants, let alone assert any wrong doing regarding these Defendants, in his statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993)[10] (internal quotation marks and citations omitted). The Eleventh Circuit recently held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between any actions of Defendants Wells and Gunn with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants. On that basis alone, Defendants Wells and Gunn are entitled to summary

---

[10]The Court properly relies on cases brought pursuant to 42 U.S.C. § 1983 because the Eleventh Circuit has held that § 1983 law generally applies to Bivens actions as well "[b]ecause of the similarity in the causes of action . . . ." Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (*per curiam*)).

judgment.

Moreover, Plaintiff's claim against Defendants Wells and Gunn in their supervisory positions, also fails because "[i]t is well established in this circuit that supervisory officials are not liable under [ *Bivens* ] for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Darymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003) (citations omitted). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not made any allegations against Defendants Wells and Gunn, let alone that they were personally involved with Plaintiff's disciplinary proceedings.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Wells and Gunn and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[11] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference

---

[11] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

11

to constitutional rights.'" Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Wells and Gunn. Accordingly, Plaintiff fails to state a claim for relief against these Defendants and therefore, Defendants Wells and Gunn are entitled to summary judgment.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Owners of CCA be **DISMISSED**, that Defendants' Motion for Summary Judgment be **GRANTED**, that an appropriate final judgment be **ENTERED** in favor of Defendants Wells and Gunn, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of May, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE